## STATE OF ARKANSAS VS. ROSS.

1. PRACTICE IN SUPREME COURT:  *Verdict in criminal case erroneously set aside, etc.*
   When there is a valid trial and verdict against a defendant in a criminal case, and the verdict is set aside for an erroneous reason, and there is no final judgment, the supreme court will not send a mandate to the court below to sentence the prisoner upon the verdict, where there were other causes assigned in the motion for new trial for which the court may have set aside the verdict.

2. CRIMINAL LAW:  *Conviction of less offense, acquittal of higher.*
   Where a defendant is indicted for murder, and a verdict against him for a lower offense, the verdict is an acquittal of any higher offense, and he can not, in a new trial, be tried for the higher offense.

ERROR to *Pike* Circuit Court.

Hon. A. B. WILLIAMS, Special Judge.

*Attorney General Henderson,* for plaintiff.

ENGLISH, C. J.   At a term of the circuit court of Clark county, commenced on the seventh of April, 1879, being the tenth Monday after the last Monday of January of that year, Robert C. Ross was indicted for murdering Andrew Goodwin.   On his application, the venue was changed to the circuit court of Pike county.

He was tried at a term of the latter court, commencing on the thirteenth of October, 1879, and the jury found him guilty of murder in the second degree, and fixed his punishment at imprisonment in the penitentiary for eleven years.

It seems that the defendant filed a motion for a new trial, assigning thirteen grounds therefor, which was heard by the court, and a record entry shows that it was disposed of as follows:

"Said motion for a new trial containing, among other grounds, one that there is no authority under the constitution and laws of the state to hold the present term of the circuit court of Pike county at the present time, and that no judgment could be rendered upon said verdict, whereupon the court, after hearing the argument of counsel, and being advised as to the law, it is the opinion of the court that said motion for a new trial be granted upon said cause as above stated, which is the third ground for a new trial; it is, therefore, considered, ordered and adjudged by the court, that a new trial be granted, and that the verdict of the jury be set aside; to which ruling of the court the state, by her attorney, excepts, and defendant is remanded in custody of the sheriff of Pike county."

Looking at the motion for a new trial (though there is no bill of exceptions making it part of the record), we find the third cause assigned to be as follows:

"That there is no authority under the constitution and

laws of said state, etc., to hold the present term of the circuit court of Pike county at the present time, and that no judgment could be rendered upon said verdict, because the same would be *coram non judice*, and, consequently, null and void."

There were other grounds of the motion for a new trial, relating to the instructions of the court, etc., the sufficiency of the evidence to sustain the verdict, etc.

The attorney general has caused a transcript of the record in the cause to be brought into this court on writ of error, and submits that we should reverse the decision of the court below granting a new trial, and direct the court to sentence the prisoner upon the verdict.

The term of the circuit court of Pike county at which the prisoner was tried, was held under the act of March 11, 1879, and in *Haney v. State, ante,* we held the act valid, though on its face there was a clerical misprision as to the times of holding the terms of the circuit court of Sevier county, manifest upon the face of the act.

There was a valid trial and verdict against defendant in error, for murder in the second degree, which verdict the court, in fact, set aside, but for an erroneous reason; and there was no final judgment.

We decline to send a mandate to the court below directing it to sentence the prisoner upon the verdict so set aside, because we can not undertake to say that if the court had not fallen into the error of setting aside the verdict on the ground stated in the record entry, it might not have granted a new trial on some of the other grounds assigned in the motion.

There being no final judgment to which a writ of error would lie, the case here must be dismissed, and the prisoner will stand for trial again, as if charged with murder in the

second degree, having, in effect, been acquitted of murder in the first degree, by the verdict set aside by the court; and the judgment of dismissal, accompanied by this opinion, will be certified to the court below, that it may proceed with the cause.