## BATES v. STATE.

### Opinion delivered April 27, 1895.

1. *Defendant as witness—Impeachment.*

It is error to permit the defendant in a criminal case to be asked on cross-examination whether he has not previously been indicted for a felony, and his answer that he was indicted but acquitted does not remove the prejudice that may have resulted.

2. *Grand jury—Presumption as to composition.*

Where the record states that the grand jury was composed of sixteen men, but sets out the names of fifteen only, it will be presumed, in the absence of a contrary showing, that it was composed of sixteen men, the required number.

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

*J. H. Harrod* and *Thos. C. Trimble* for appellant.

1. A witness cannot be impeached by showing that he has been accused of other crimes. Sand. & H. Dig. sec. 2959. Nor by proving that he has been indicted for larceny. 34 Ark. 257.

2. The record in this case shows that appellant was indicted by a grand jury composed of *fifteen* men. The indictment should have been quashed.

*E. B. Kinsworthy*, Attorney General, and *F. T. Vaughan* for appellee.

1. It was not error to permit the question to be asked. Thomps. on Trials, secs. 649, 650–1 and cases cited; 56 Ark. 4; 58 *id.* 473; *Ib.* 513; 94 Ala. 68. The cases of 34 Ark. 257 and 43 Ark. 99 do not apply where the defendant himself testifies in his own behalf. Whart. Cr. Ev. secs. 430, 431–2; 1 Thomps. Trials, secs. 649, 650, 651; 135 N. Y. 663; 2 West. 788; Underhill on Ev. p. 497, sec. 346; 93 Mich. 38; 13 So. 229; 16 Mich. 40; 13 So. 681; 22 S. W. 1039; 33 Pac. 256.

2. It is apparent that the clerk failed to copy the name of *one* grand juror. When the record states that a jury of *twelve* was impaneled, but contains the names of *eleven* only, this court will presume that the name of one juror was omitted by mistake. 8 Ark. 574. But the certiorari shows *sixteen* grand jurors. This court will presume that those whose names are not mentioned were excused. 54 Ark. 611.

HUGHES J. The appellant was indicted for and convicted of larceny, and appealed to this court. On the trial the appellant testified in his own behalf, and was asked by the counsel for the State, on cross-examination, if he had not been indicted three times in the Lonoke circuit court for hog stealing. The appellant objected to the question, and the court overruled the objection, whereupon the appellant answered: "Yes, but I was acquitted each time, and one time the judge ordered the case *nol prossed*," etc., whereupon the court instructed the jury that they must be governed entirely by the evidence. The court instructed the jury to consider it in determining the credibility of defendant. Was there prejudicial error in permitting this question, and requiring the defendant to answer? "When a defendant in a criminal case becomes a witness in his own behalf, he is subject to cross-examination and impeachment, like other witnesses." *McCoy* v. *State*, 46 Ark. 141; *Lee* v. *State*, 56 Ark. 7; *Holder* v. *State*, 58 Ark. 478. And it has been held more than once in this State that "a witness cannot be impeached, nor his testimony impaired, by proving that he has been indicted for larceny." *Anderson* v. *State*, 34 Ark. 257; *Carr* v. *State*, 43 Ark. 99.

While it is not necessary to go so far in this case, we think that where the defendant in a criminal case is a witness in his own behalf, it is improper and unfair to

1. Impeachment of defendant.

ask him if he has been indicted for felony previously. An indictment raises no legal presumption of guilt against a defendant. If it be wrong to ask such a question of a witness not himself on trial, it is in our opinion much more so where the defendant is the witness himself in his own behalf. None of the infamy that attaches to conviction attaches to the mere accusation. A person charged with a crime, testifying in his own behalf, to use the language of Chief Justice Church of the Court of Appeals of New York, "goes upon the stand under a cloud; he stands charged with a criminal offense, not only, but is under the strongest possible temptation to give evidence favorable to himself. His evidence is therefore looked upon with suspicion and distrust, and if, in addition to this, he may be subjected to a cross-examination upon every incident of his life, and every charge of vice or crime which may have been made against him, and which have no bearing upon the charge for which he is being tried, he may be so prejudiced in the minds of the jury as frequently to induce them to convict, upon evidence which otherwise would be deemed insufficient. * * * No rule of law is violated in requiring that, to entitle questions to be put to accused persons which are irrelevant to the issue, and are calculated to prejudice him with the jury, they should at least be of a character which clearly go to impeach his general moral character, and his credibility as a witness." *People* v. *Crapo*, 76 N. Y. 288. In the *People* v. *Gay*, 7 N. Y. 378, Jewett, J., said: "The single fact that he (the witness) had been complained of and held for trial for the commission of a crime did not affect his moral character."

The fact that the appellant answered that he had been acquitted each time he had been indicted before did not, in our judgment, necessarily have the effect to remove all prejudice that may have been caused by the

question and answer. The question was improper, and whether it may have prejudiced the jury we have no certain means of determining. It was calculated to do so, especially as the court instructed them to consider it.

The motion to quash the indictment because found by a grand jury of only fifteen persons was not well taken, as the record shows the grand jury was composed of sixteen persons.*

2. Presumption as to composition of grand jury.

"Where the record discloses that a grand jury of sixteen persons named was duly impaneled, it will be presumed, in the absence of a contrary showing, that other persons, who were summoned, but did not serve, as grand jurors, were excused for cause." *Larillian* v. *Lane*, 8 Ark. 372; *Wallis* v. *State*, 54 Ark. 611.

For the error in permitting the question and answer the judgment is reversed, and the cause is remanded for a new trial.

---

*Note.—The record recites as follows: "The list of grand jurors being called, the following came, to-wit: (Here follow the names of fifteen persons). And the panel of the grand jury being now complete, consisting of sixteen good and lawful men," etc. [Reporter].