ALEXANDER *v*. VAUGHAN.

Opinion delivered February 3, 1913.

1.  VERDICT—SUFFICIENCY OF EVIDENCE.—When there is a conflict in the testimony and there is sufficient evidence to support a verdict for either party, a judgment will not be reversed as not being sustained by sufficient evidence. (Page 440.)

2.  REPLEVIN—AFFIDAVIT—DESCRIPTION OF PROPERTY.—The object of the affidavit in replevin is to procure the order of delivery, and in an action in a justice of the peace's court when the delivery is made, the affidavit has performed its office, and thereafter serves as a complaint. (Page 441.)

3.  REPLEVIN—AFFIDAVIT—PROOF—VARIANCE.—In an action in replevin, the affidavit is made for the purpose of identifying the thing sought to be delivered, and when the identity of the thing is determined and the constable takes possession of it, the affidavit

becomes a complaint, and if, on the trial in the circuit court, the proof offered by the plaintiff varies from the affidavit, but defendant makes no objection to its introduction, the affidavit could have been amended at any time, and the pleadings are presumed to have been amended in conformity to the proof. (Page 441.)

4. WITNESSES—IMPEACHMENT.—The character of a witness can not be impeached nor his testimony discredited for the purpose of impairing its weight, merely by evidence that he had been indicted for a crime. (Page 442.)

Appeal from Independence Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*McCaleb & Reeder* and *Oldfield & Cole,* for appellant.

Appellant's motion for an instructed verdict should have been sustained because there is a fatal variance between the description given in appellee's affidavit and the writ and the description of the hog as shown in the proof. Kirby's Dig. §§ 7886, 7887; 37 Ark. 55; Kirby's Dig. § 6854; 44 Ark. 308; 16 Ark. 90; Wells on Replevin, 461, § 171; *Id.* 155, § 173.

The variance between the age of the animal alleged and the proof is fatal. Wells on Replevin, § 173, and notes; 7 Ark. 372; Thompson on Trial, § 1028; Kirby's Dig. § 6142.

*Sam A. Moore,* for appellee.

Plaintiff had the right to amend her affidavit either in the justice of the peace court or in the circuit court upon appeal. It serves the purposes of a complaint, and if there was any variance between the affidavit and the proof, it was waived by appellant, since the proof as to ownership was fully gone into by both sides without objection, and the affidavit was properly treated as amended to conform to the proof. 94 Ark. 365; 44 Ark. 524; 40 Ark. 352; 59 Ark. 215; 54 Ark. 289; 67 Ark. 426; 47 Ark. 31; 69 Ark. 54; 37 Ark. 544; 68 Ark. 180; 47 Ark. 49; 50 Ark. 446; 33 Ark. 406; 37 Ark. 560.

After having allowed proof to be taken fully as to the ownership of the hogs without objection, it was too late for appellant to move to dismiss on the ground of variance. 146 S. W. (Ark.), 477, 479.

The jury's verdict upon conflicting evidence will not be disturbed. 84 Ark. 359; 76 Ark. 538; *Id*. 88; 150 S. W. (Ark.), 146; *Id*. 570; 148 S. W. (Ark.), 248.

McCulloch, C. J. This is a replevin suit instituted before a justice of the peace of Independence County for the recovery of possession of a hog described in the affidavit and order of delivery as a "black barrow hog about ten months old, and marked with a crop in the right ear and a crop and an under-bit in the left ear." The plaintiff recovered judgment for possession of the hog in the trial before the justice of the peace and also in the trial in the circuit court on appeal, and the defendant has appealed to this court.

There is considerable conflict in the testimony as to the ownership of the hog in controversy, both parties testifying in their own behalf and introducing numerous witnesses to establish their respective claims of ownership. The verdict might, on the testimony, have been in favor of either party, as there was sufficient testimony to support a verdict either way. Nothing further need be said, therefore, about the assignment that the verdict is not sustained by sufficient evidence.

The principal ground urged for reversal of the case is, that there was a fatal variance between the description of the animal set forth in the affidavit and order of delivery and the description established by the proof. The description in the affidavit and order of delivery was that the hog was about ten months old and was marked with an under-bit in the left ear. The proof adduced by the plaintiff is to the effect that the hog is fifteen or eighteen months old and that it is marked with an underhalf-crop in the left ear. Plaintiff testified that her mark was a crop in the right ear and underhalf-crop in the left, and that this hog was so marked, but that the mark in the left ear was not very plain for the reason that her son was drunk at the time he marked the hog. The defendant contends that his mark is a crop off the right ear and a swallow-fork in the left ear, and that the hog in controversy is so marked. No objection was made to

plaintiff's testimony, but when all the testimony had been introduced on both sides, defendant asked a peremptory instruction on the ground that there was a variance between the allegations and the proof. There was no dispute as to the identity of the hog in controversy. The witnesses had all seen the hog during the litigation and knew what hog it was about which they were called to testify, but they differed as to the ownership of the hog and as to what the mark in the left ear really was; so the jury could not have been misled as to the identity of the hog that constituted the subject-matter of the litigation. The variance between the description in the order of delivery and the description of the particular animal involved in the controversy was discovered when the constable went to serve the writ, and he thereupon called upon the plaintiff, who went to the pen and identified the particular hog which is the subject of litigation. The constable then served the writ by taking the particular hog pointed out, and thereafter there was no controversy as to what animal constituted the subject of the litigation. The first object of the affidavit is, as has been said by this court, to procure the order of delivery, but when that is accomplished "it has performed its office as an affidavit and thereafter serves as a complaint." *Hanner* v. *Bailey,* 30 Ark. 681; *Hawes* v. *Robinson,* 44 Ark. 308.

The affidavit could have been amended at any time, and as there was no objection to the testimony adduced, the pleadings are presumed to have been amended in conformity therewith. The cause was tried upon its merits regardless of the description contained in the affidavit, and no prejudice could possibly have resulted from the erroneous description. The question of fact was squarely submitted to the jury as to whether the hog in controversy was the property of the plaintiff or of the defendant, and that controversy has been settled by the verdict in plaintiff's favor.

Counsel for defendant asked one of plaintiff's witnesses, on cross examination, if he had not been indicted for the crime of rape, which the witness denied, and then

defendant offered to introduce the record of the circuit court to show that the witness had been indicted for that crime. The refusal of the court to permit the record to be introduced is assigned as error.

It has been held by this court that the character of a witness can not be impeached, nor his testimony discredited for the purpose of impairing its weight, merely by evidence that he had been indicted for a crime. *Anderson* v. *State,* 34 Ark. 257; *Carr* v. *State,* 43 Ark. 99. Nor was the testimony competent to impeach the witness, inasmuch as denial was drawn out on cross examination and was purely collateral. 105 Ark. 140; 146 S. W. 491.

At the time of the institution of this action against the defendant, the plaintiff instituted an action against R. T. Harrington & Son for a hog bought by the latter from the defendant. Afterwards the court permitted the plaintiff to amend her affidavit in this suit to embrace the hog involved in the other suit and to hold defendant responsible for it, but subsequently decided that plaintiff could not sue in this action for the hog sold by defendant to the other party, and the judgment was in plaintiff's favor for only the hog found in defendant's possession at the institution of the action. Plaintiff has not appealed, and the correctness of the court's ruling with respect to the other hog is not involved here.

The judgment in plaintiff's favor for the recovery of the hog in controversy, or its value, is affirmed.