JOHNSON v. STATE.

Opinion delivered November 19, 1923.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to support a conviction of grand larceny.
2. WITNESSES—IMPEACHMENT OF ACCUSED.—In a prosecution for stealing a heifer, cross-examination of defendant as to whether he had been indicted for stealing other cattle was reversible error.

Appeal from Clark Circuit Court; *James H. McCollum,* Judge; reversed.

*D. F. McElhannon* and *McMillan & McMillan,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HART, J. J. E. Johnson prosecutes this appeal to reverse the judgment of conviction against him for the crime of grand larceny, charged to have been committed by stealing a heifer from J. B. Boyd, in Clark County, Arkansas.

The first assignment of error is that the evidence is not legally sufficient to support the verdict.

According to the testimony of J. B. Boyd, in the fall of 1921 he owned a spotted heifer about two and a half years old, marked with a crop and two splits off of the left ear and a split in the right ear. The heifer ran on the range, but was at Boyd's home in Clark County, Arkansas, on Friday morning, about the 20th of October, 1921. On the next Friday morning Boyd found the

heifer in the possession of Rube Gillam, a butcher and cattle buyer, in Hot Springs, Arkansas. Several other persons who knew the heifer identified her as the property of J. B. Boyd. Gillam gave the heifer up to Boyd, and the latter drove her to his home in Clark County.

Rube Gillam testified that he had bought this heifer from J. E. Johnson a week or ten days previously. This evidence, if believed by the jury, was sufficient to support a verdict of guilty against the defendant. But it is insisted that this testimony is overcome by the testimony for the defendant.

According to the testimony of the defendant himself and of other witnesses in his behalf, he bought the heifer in controversy from Cleve Turner in Clark County, Arkansas, during April, 1921. The heifer which the defendant bought from Turner was running on the range, and was allowed to run there until the latter part of October, 1921. At that time the son of the defendant and another boy drove in the heifer as the one which the defendant had bought from Turner some time during the previous spring. The defendant was not certain whether the heifer was the one he had bought from Turner, and sent for Turner to identify the heifer. The defendant and other witnesses for him testified that Turner identified the heifer as the one which he had sold to the defendant. The defendant then drove the heifer with other cattle to Hot Springs and sold them to Rube Gillam.

Cleve Turner was a witness for the defendant. According to his testimony, he admitted going over to Johnson's in the fall of 1921, and identifying a heifer which he had sold to Johnson during the previous spring. On cross-examination, however, he stated that, as soon as J. B. Boyd brought back the heifer in question from Hot Springs, he went to examine her, and found that the heifer was not the same one which he had sold the defendant.

The evidence of the defendant, if true, showed that he did not steal the heifer in question, but the evidence in his behalf did not conclusively overcome the evidence for the State. The jury might have believed that the heifer found at Gillam's in Hot Springs was the one testified to by Boyd as belonging to him, and that the defendant took her off of the range and sold her to Gillam as his own, well knowing that she did not belong to him. The jury might have found that Turner was telling the truth on his cross-examination, when he stated that the heifer which Boyd brought back from Hot Springs was not the one which he had sold to the defendant during the previous spring.

It follows that the evidence for the State, if believed by the jury, was legally sufficient to support the verdict.

The next assignment of error is that the court erred in allowing the prosecuting attorney to ask the defendant if he had not been indicted in other cases for stealing other cattle up there.

The court, over the objection of the defendant, permitted him to answer the question in the affirmative, and stated to the jury that the evidence was admissible on the question of the credibility of the defendant as a witness. This assignment of error is well taken.

In the case of *Bates* v. *State*, 60 Ark. 450, this court held that it is error to permit the defendant in a criminal case to be asked on cross-examination whether or not he has been previously indicted for a felony, and that his answer that he was indicted but acquitted does not remove the prejudice that may have resulted. Again, in *Hunt* v. *State*, 114 Ark. 239, it was held that, where the defendant in a criminal prosecution offers himself as a witness, on cross-examination it is improper to ask him concerning an indictment or accusation against himself, but, for the purpose of testing his credibility, he may be asked about a judgment of conviction.

In this connection it may be said that the transcript in the case of *Clayton* v. *State*, 159 Ark. 592, shows that

no objection was made by the defendant to his cross-examination with reference to indictments against him for other offenses, and all reference thereto is considered as eliminated from that opinion as not being within the issues raised by the appeal.

For the error in permitting the question and answer the judgment is reversed, and the cause remanded for a new trial.