YOUNGBLOOD v. STATE.

Opinion delivered November 19, 1923.

1.  CRIMINAL LAW—REFERENCE TO FORMER CONVICTION.—A statement by the prosecuting attorney, in opening a murder case, that defendant was convicted of second degree murder at the preceding term, and for that reason could not be convicted of murder in the first degree on second trial, was not reversible error, in the absence of a request for an instruction to the jury not to be influenced thereby in arriving at a verdict.

2.  HOMICIDE—INSTRUCTION AS TO SELF-DEFENSE.—In a prosecution for murder an instruction that, to establish self-defense, it must appear that the danger was so urgent and pressing that, in order to save his own life or prevent his receiving great bodily injury, the killing was necessary, and that the defendant must honestly believe, without fault or carelessness on his part, that the danger was so pressing, etc., was not objectionable as telling

the jury that the defendant would not justify on the ground of self-defense, unless it appeared to the jury that the danger was so impending and urgent that it was necessary to kill the deceased to save defendant's life, or save his body from great injury.

3. WITNESSES—IMPEACHMENT.—A witness' character cannot be impeached nor his testimony discredited by evidence that he had been indicted for a crime.

Appeal from Boone Circuit Court; *J. M. Shinn,* Judge: reversed.

*E. G. Mitchell* and *Worthington & Williams,* for appellant.

*J. S. Utley,* Attorney General, *Jno. L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J.   Appellant was indicted in the circuit court of Boone County for the crime of murder in the first degree for killing Ed Blevins.   He was tried and convicted of murder in the second degree.   The verdict of conviction was set aside, and a new trial granted. Upon retrial he was convicted of manslaughter and adjudged to serve a term of seven years in the State Penitentiary as punishment therefor.   From the judgment of conviction an appeal has been duly prosecuted to this court.

The first assignment of error insisted upon for a reversal of the judgment is that the trial court permitted the prosecuting attorney, in opening the case, to make the following statement:

"Gentlemen of the jury, you will observe from the reading of this indictment that the defendant is indicted for murder in the first degree.   He was tried at the last term of this court under this indictment and was convicted for murder in the second degree, which was, in legal effect, to acquit him of murder in the first degree. Upon motion of the defendant, on the grounds of newly discovered evidence, the court set aside the verdict of the jury which convicted him of murder in the second degree, and granted him a new trial on the ground of newly discovered evidence, and you cannot convict him

for murder in the first degree, but are to try him for murder in the second degree."

Appellant contends that the reference to the former conviction was a violation of § 3221 of Crawford & Moses' Digest, and prejudicial to his interest. The section of the Digest referred to is as follows:

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to in evidence or in argument."

The purpose of this statute is to protect the accused, upon a new trial, from the effect of a former conviction by use thereof in evidence or reference thereto in argument unnecessarily and improperly. It was necessary to tell the jury that appellant was upon trial for murder in the second instead of the first degree, and we do not think it was improper, as a part of the statement, to explain that the former verdict for murder in the second degree had automatically acquitted appellant of murder in the first degree. While the court or prosecuting attorney might have conveyed this information to the jury by simply saying that appellee was upon trial for murder in the second degree, any one of reasonable intelligence would have understood from the statement that a discharge from the highest crime specified in the indictment had been accomplished by a former conviction of murder in the second degree. This being so, no prejudice could have resulted, on account of the statement made by the prosecuting attorney, to the interest of appellant. If appellant thought otherwise, he should have asked the court to instruct the jury not to be influenced, in arriving at the verdict, by the fact of his former conviction. He would have been entitled to such an instruction, in view of the fact that the statement, in its entirety, was not absolutely necessary to apprise the jury of the charge upon which appellant was to be tried.

Appellant's next assignment of error is that the jury was not properly instructed upon the law of self-defense. The law given by the court upon that subject is as follows:

"In ordinary cases of one person killing another in self-defense it must appear that the danger was so urgent and pressing that, in order to save his own life, or prevent his receiving great bodily injury, the killing of the other was necessary, and it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further contest before the mortal blow or injury was given. To be justified, however, in acting upon facts as they appear, the defendant must honestly believe, without fault or carelessness on his part, that the danger was so pressing and urgent that it was necessary to kill his assailant in order to save his own life or to prevent his receiving great bodily injury. He must act with due circumspection. If there was no danger, and his belief on the existence thereof be imputed to negligence or carelessness, he is not excused, however honest his belief may be."

It is contended that the instruction quoted above, in effect, told the jury that appellant could not justify the killing on the ground of self-defense, unless it appeared to them, from the evidence, that the danger was impending and so urgent and pressing that it was necessary to kill the deceased to save his own life or to save his body from great injury. We do not think the instruction susceptible of that construction. When read as a whole, it means that appellant could justify the killing if it appeared to him that the danger was impending and so urgent and pressing that it was necessary to kill the deceased in order to save his own life or to prevent him from receiving great bodily harm. The instruction might have been made more definite and certain as to whom it should appear that the danger was impend-

ing, etc., by inserting the words "to him" after the word "appear" in the second sentence.

Appellant's last assignment of error is that the court permitted the prosecuting attorney to ask appellant, on cross-examination, if he had not been indicted in the Federal court for white slavery. The indictment is a mere accusation, having no probative force, therefore "the character of a witness cannot be impeached nor his testimony discredited for the purpose of impairing its weight, merely by evidence that he had been indicted for a crime." *Anderson* v. *State*, 34 Ark. 257; *Carr* v. *State*, 43 Ark. 99; *Bates* v. *State*, 60 Ark. 450; *Alexander* v. *Vaughan*, 106 Ark. 438; *Johnson* v. *State*, 156 Ark. 459. *Johnson* v. *State*, ante p. 111.

For the error indicated the judgment is reversed, and the cause is remanded for new trial.