## WRAY *v.* STATE.

### Opinion delivered December 22, 1924.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of stealing an automobile.

2. WITNESSES—IMPEACHMENT.—It is error to impeach a witness on cross-examination by asking him concerning a mere accusation against him of an offense different from that charged against defendant.

3. CRIMINAL LAW—PREJUDICIAL ERROR.—The error of having questioned defendant's principal witness as to his having been indicted for a different offense from that charged against defendant was prejudicial, though the witness answered that the charge had been dismissed.

Appeal from Calhoun Circuit Court; *L. S. Britt,* Judge; reversed.

*J. S. McKnight,* for appellant.

*J. S. Utley,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted of the crime of grand larcency, alleged to have been committed by stealing an automobile (a Ford touring car) the property of H. S. Speer. The owner of the car lived at Tinsman, in Calhoun County, and the car in question was stolen from his garage in Tinsman on the night of July 29-30, 1923. Speer testified that he missed his car from the garage the next morning, and that he followed the track from the garage to the town of Hampton, the county seat of Calhoun County, and thence to a ferry known as the Lee Ferry, on the Ouachita River near Calion. He testified that he got to the ferry about eleven o'clock on the morning after the car was stolen, and that he there gave to the ferryman a description of the two men he had seen the afternoon or evening before, whom he suspected of being guilty of the theft. He testified that he saw no other track but that of his car in the bottom near the ferry. He also described appellant and another man with him, whom he said he saw in Tinsman the evening before the car was stolen. He identified appellant as one of the men he saw in Tinsman, and described the other man with him as being about thirty years of age, with "kind of red hair."

Bud Lee, a witness introduced by the State, testified that he operated a ferry at Calion, and that, about daylight, or a little before daylight, on the morning of July 30, appellant and another man came to his ferry to be put across. He said that he identified appellant as being one of the men, and testified that the other man was about eighteen years old, and was much smaller in size than appellant. He testified that appellant crossed the ferry on the Sunday before in a car, and was accompanied by a woman. He also testified that the man he put across the river had on khaki pants, a yellow hat and a yellow shirt, and that the two men were traveling in a Ford car without a license. The witness did not attempt to state any marks of identification about the car, but, on

the contrary, stated that he could not tell anything about the car except that it was a Ford car and had no license tag on it.

Several other witnesses identified appellant as being seen at Tinsman on the afternoon or evening before the night during which the car was stolen. These witnesses identified appellant, but differed somewhat in their descriptions of the young man or boy who accompanied him. Two of them, however, stated that appellant had on khaki pants, but that his hat and coat were white instead of yellow, as stated by witness Lee.

The car was found a few days after it was stolen, between Calion and Smackover—about three-quarters of a mile from Smackover. Appellant was arrested at Camden.

Appellant testified in his own behalf, and stated that he lived at Smackover, where he had been following different occupations and employments. He testified that he was in Smackover on the night of July 29, and introduced witnesses to prove that he was there that night and was engaged in a game of poker. Another witness, Hollingsworth by name, was introduced by appellant, and he testified that he lived in Hampton, and that the Speer car was stolen by a man he had known by the name of ''Two Gun Blondie,'' who was now in the penitentiary for holding up an oil camp. Hollingsworth testified that he saw ''Two Gun Blondie'' and another man by the name of Jones with the car about three o'clock on the morning of July 30, 1923, and that they were asking the road to Smackover.

It is earnestly insisted that the evidence is not sufficient to sustain the verdict, but we are of the opinion that there was sufficient evidence to warrant the submission of the issues to the jury.

The only other assignment of error relates to the ruling of the court in permitting the prosecuting attorney to ask witness Hollingsworth concerning the latter having been indicted for participating in the theft of one or more automobiles. This was done over the objection of

appellant, and the error was duly assigned in the motion for a new trial.

Hollingsworth testified, as before stated, that he lived at Hampton, and that he saw two men, "Two Gun Blondie" and Jones, with the Speer car at Hampton on the night it was stolen. This fact was inconsistent with the guilt of appellant, and, if the jury had accepted Hollingsworth's statement as true, they should, and doubtless would, have acquitted appellant. In order to discredit Hollingsworth, the prosecuting attorney asked him the following questions: "Did you know these three little boys that stole cars and brought them across the ferry and delivered them to some of you fellows in Camden? A. I never got one of them. Q. You were indicted for receiving one of these cars? A. Yes sir, and you dismissed it this morning." On objection being made, the court overruled the objection, and stated that the testimony could be considered by the jury in determining the credibility of the witness. This court has decided that, for the purpose of testing the credibility of a witness, he may be asked on cross-examination concerning collateral matters which may affect his credibility, but the party cross-examining is bound by the answer of the witness. *Hollingsworth* v. *State,* 53 Ark. 104. But it has also been held that a witness cannot be interrogated concerning a mere accusation or indictment for crime. *Johnson* v. *State,* 161 Ark. 111; *Parnell* v. *State,* 163 Ark. 316. If the inquiry had been concerning an accusation of crime in connection with the particular offense under which appellant was being tried, it would have been competent as tending to show bias on the part of the witness, but the question related to an altogether different offense, and it fell within the rule announced by our decisions that a witness cannot be discredited by showing a mere accusation or indictment. The Attorney General suggests that there was no prejudice for the reason that the witness stated in his answer that the charge against him had been dismissed. The answer does not necessarily relieve the prejudicial effect of the inquiry, for the court,

in effect, permitted the jury to consider the accusation in determining the credibility of the witness, and the mere fact that the charge had been withdrawn did not relieve the inquiry of its prejudicial effect. Hollingsworth was an important witness for appellant in connection with the testimony of other witnesses, who stated that appellant was in Smackover on the night the car was stolen. We have no means of knowing the extent to which the jury were influenced by the State being permitted to improperly discredit the testimony of the witness by showing that he had been indicted for another crime. The only way to eliminate the error is to grant a new trial, and the judgment is reversed, and the cause remanded for that purpose.