## MODE *v.* STATE.

### Opinion delivered September 28, 1925.

1. CRIMINAL LAW—OPENING STATEMENT.—Where the State's theory was that appellant and three others committed a burglary, it was not error for the State's attorney, in his opening statement, to state that one of defendant's accomplices was dead and that another one had escaped from the penitentiary, as it was proper for the State to explain why the others would not be used for witnesses.

2. CRIMINAL LAW—COMPETENCY OF EVIDENCE.—Proof by one of appellant's alleged accomplices that appellant assisted witness, arrested for the same offense, in escaping from jail, harbored him, and took him to another State, was competent as tending to show a connection between appellant and the witness in the crime.

3. CRIMINAL LAW—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—Newly-discovered evidence which will warrant the granting of a new trial means testimony discovered after the trial which could

not be discovered by the exercise of diligence before the trial, and not testimony known to the party in interest before and during the trial.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Edward Gordon,* for appellant.

*H. W. Applegate, Attorney General,* and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the circuit court of Conway County for burglary and grand larceny, and was adjudged to serve a term of three years in the State penitentiary on each charge or count in the indictment. From the judgment of conviction, he has duly prosecuted an appeal to this court.

The evidence introduced by the State tended to show that appellant and three others, Homer Hendrickson, Bob Shaw, and Harry Durbin, burglarized a store at Oppelo on the night of April 7, 1924, and stole merchandise, belonging to the Van Meter Mercantile Company, of the value of $110.56.

Upon the trial of the cause, Harry Durbin testified that appellant assisted him in escaping from jail, harbored him after the escape in his home for five or six days, and then took him to Oklahoma in his car, where he left him. Toward the close of the trial, appellant moved to exclude Durbin's testimony, and saved an exception to the court's refusal to do so. This exception was carried into appellant's motion for a new trial, wherein appellant alleged surprise at its introduction and the discovery of testimony by which he could establish an alibi at the time Durbin claimed he assisted him in escaping.

The opening statement of the case was made by Mr. Rorex, who was employed to assist the prosecuting attorney. In making the statement, he took occasion to say that Homer Hendrickson had been killed, and that Bob Shaw had escaped from the penitentiary. Appellant objected to this remark, and saved his exception to the

refusal of the court to exclude it. When the objection was made, Mr. Rorex said that he had made the statement in explanation of why the State could not introduce Hendrickson and Shaw as witnesses. Three assignments of error are presented by appellant as reasons for a reversal of the judgment; first, that the remark made by Mr. Rorex was improper and prejudicial; second, that the testimony of Harry Durbin was incompetent as a circumstance for the jury to consider in arriving at the verdict; and third, that the court erred in refusing to grant him a new trial upon the grounds of surprise at Durbin's testimony and discovery of new evidence after the trial to counteract it.

(1) The remark complained of was made by Mr. Rorex in the preliminary presentation of the case and in explanation of the absence of two parties that the State would have used for witnesses if they had been available. The State used Durbin, who admitted that he was implicated in the robbery, and it was both natural and logical for the State to explain why the others implicated in the robbery would not also be used for witnesses. We see nothing in the statement indicating bad faith on the part of the attorney, or an attempt on his part to testify or introduce hearsay evidence. We think the remark was proper in outlining the case.

(2) We think the testimony of Durbin was admissible as a circumstance tending to show the guilt of appellant. Durbin was arrested for the same offense with which appellant was charged; and, if he assisted Durbin in escaping from jail, harbored him, and took him to another State, these acts tended to show a connection between them in the crime. The relevancy of the testimony is apparent because appellant would not have assisted Durbin in making his escape if he had not been a participant in the crime.

(3) Appellant's surprise at Durbin's testimony and the discovery of evidence to refute it were not sufficient to bring him within the rule allowing a new trial for newly discovered evidence relating to a material issue

in the case. His surprise should have been announced when Durbin testified, and he should have followed it up by asking a suspension of the proceedings until he could secure the witness to show an alibi. He must have known where he was on the night of October 10, 1924, the time Durbin testified he assisted him in escaping from jail. The affidavits attached to the motion for a new trial, tending to establish his alibi on that date, were affidavits of witnesses living in a town near the county seat. He knew at that time where these witnesses lived and what they would testify with reference to his whereabouts on that night. Newly discovered evidence which will warrant the granting of a new trial means testimony discovered after the trial which could not be discovered by the exercise of diligence before the trial, and not testimony known to the party in interest before and during the trial. The rule announced by this court in the case of *Nickens* v. *State,* 55 Ark., 567, is applicable to the facts in the instant case.

No error appearing, the judgment is affirmed.