### STANLEY *v.* STATE.

Opinion delivered June 21, 1926.

1. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—In a prosecution for murder, it was error to compel defendant on cross-examination to answer questions as to how many men he had previously shot, since such acts were not necessarily crimes.

2. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—Witnesses, including accused, may be impeached on cross-examination by drawing out the fact that they have committed other crimes and immoralities, but they cannot be asked about a mere accusation or indictment preferred against them.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*Rogers & Robinson,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J.   Appellant was indicted in the circuit court of Pulaski County, First Division, for the crime of murder in the second degree by killing Roy Arrington.  He was subsequently tried and convicted of involuntary manslaughter, and was adjudged to serve a term of eleven months in the State Penitentiary as a punishment therefor, from which is this appeal.

Appellant seeks to reverse the judgment on the sole ground that the trial court erred in compelling him, over his objection and exception, to answer the following questions propounded by the prosecuting attorney while cross-examining him, to-wit:

"Q.   How many men did you shoot before that? Q. Tell the jury how many men you shot before that.   A. I have shot two men before this."

These questions were asked for the purpose of affecting the credibility of appellant, upon the theory that his testimony might be discredited or impeached by specific acts committed by him in the past which may have been crimes, but not necessarily so.   This court has adopted the rule that witnesses, including the accused, may be impeached on cross-examination by drawing out the fact that they have committed other crimes and immoralities of various kinds.   *Hollingsworth* v. *State,* 53 Ark. 387; *Shinn* v. *State,* 150 Ark. 215; *Bullen* v. *State,* 156 Ark. 148; *Lytle* v. *State,* 163 Ark. 129.   Although committed to this liberal rule for impeaching witnesses, including the accused, this court has said that the rule has its limitations, one being that the witness cannot be asked about a mere accusation or an indictment preferred against him for the purpose of attacking his credibility, because a mere accusation or indictment raises no legal presumption of guilt.   *Jordan* v. *State,* 165 Ark. 502.   We think the same reason should apply to questions touching specific acts of a witness which are not necessarily crimes. A homicide is not necessarily a crime.   The killing may have been an accident or entirely justifiable.

The court erred in requiring appellant to answer the questions propounded by the prosecuting attorney relative to shooting other men prior to shooting the deceased.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.

McCULLOCH, C. J., (dissenting). The question propounded to appellant, while on the witness stand, was in no sense a mere accusation, nor did the answer carry any such implication. The answer was a direct statement of the fact that the witness had theretofore committed homicide—an act which might or might not involve moral turpitude, according to the circumstances of the incident. Mere proof of the killing of a human being creates a presumption of guilt of some degree of crime (C. & M. Dig., § 2342) and casts the burden on the accused to show circumstances of mitigation or justification.

In the present case the appellant should have been allowed, if he requested it, to narrate the particular circumstances under which he had "shot two men," so as to remove the apparent stain on his character and credibility; but it was proper, I think, in the first instance, to permit the State to interrogate the witness concerning his having committed a deed which, unexplained, would constitute a crime.

This court held in *Bullen* v. *State*, 156 Ark. 148, that, when a defendant in a murder case makes himself a witness in his own behalf, he may, on cross-examination, be interrogated as to his commission of other murders.

Mr. Justice SMITH concurs in this dissent.