STANLEY *v*. STATE.

Opinion delivered July 11, 1927.

1. CRIMINAL LAW—ADMISSION OF GUILT.—In a prosecution for murder, testimony showing that defendant made no answer when deceased denied the statement that he was coming on defendant with a knife, when the latter shot him, *held* admissible in the nature of admission of guilt by silence.

2. CRIMINAL LAW—REFERENCE TO PREVIOUS CONVICTION IN OPENING STATEMENT.—In a prosecution for murder, it was not error for the prosecuting attorney in his opening statement to tell the jury of a previous conviction and reversal by the Supreme Court.

3. CRIMINAL LAW—DISCRETION IN LIMITING OPENING STATEMENT.— Much discretion as to what may be stated by the prosecuting attorney in his opening statement is given to the trial court, which should always see that the prosecuting attorney acts in good faith in making his opening statement.

4. CRIMINAL LAW—CONVICTION OF MANSLAUGHTER AS ACQUITTAL OF HIGHER DEGREE OF HOMICIDE.—In a prosecution for homicide, a conviction for involuntary manslaughter which was reversed on appeal, operated as an acquittal of all degrees of homicide higher than involuntary manslaughter.

Appeal from Pulaski Circuit Court, First Division; *Abner McGehee*, Judge; affirmed.

*Robert L. Rogers* and *Sam Robinson*, for appellant.

*H. W. Applegate*, Attorney General, and *John L. Carter*, Assistant, for appellee.

HART, C. J. M. E. Stanley prosecutes this appeal to reverse a judgment of conviction against him for the crime of involuntary manslaughter. Under the evidence adduced by the State, the jury would have been warranted in finding the defendant guilty of a higher degree of homicide. According to the evidence adduced

by the defendant, the killing was done in self-defense. Inasmuch as no reversal of the judgment is urged because the evidence is not sufficient to support the verdict, we do not deem it necessary to abstract the evidence.

The first assignment of error relates to the admission of the evidence of Coy Davenport. The evidence shows that Roy Arrington was killed by a bullet fired from a pistol in the hands of the defendant, M. E. Stanley. According to the testimony of Davenport, he heard a gun fired, and saw Roy Arrington sit down on the fender of a car. Arrington asked them to take him in the house, and they took him in there and put him on the bed. The witness then said: "Angelo Stanley said, 'Father, what did you want to shoot Roy for? He is going to die.' The doctor said, 'He was coming on me with a knife, and I had to shoot him,' and Roy said, 'Every time you say I was coming on you with a knife you are telling a God damn lie,' and he died a few minutes afterwards."

We do not think the assignment of error of the defendant on the admission of this evidence is well taken. The statement of the witness shows that the defendant made no answer when Roy Arrington promptly denied the version of the affair given by the defendant, and denied that he was coming on the defendant with a knife, when the latter shot him. The evidence was in the nature of admission by silence on the part of the defendant, and, however weak the inference of guilt which might be drawn from it was, under the circumstances, still the evidence itself was competent, and it was for the jury to say what inference might be drawn from it as a tacit admission of guilt on the part of the defendant. *Thomas* v. *State,* 161 Ark. 644, 257 S. W. 376.

It is next insisted that the judgment should be reversed because the court erred in permitting the prosecuting attorney, in his opening statement to the jury, to state that the defendant was tried and convicted about a year before and the case had been reversed by the

Supreme Court. On this point, the record shows the following:

"Mr. W. H. Donham, of counsel for the State, in his opening statement to the jury stated that the defendant had been tried and convicted of this same offense about a year ago and the case had been reversed by the Supreme Court, and is now here for a second trial. (To which statement the defendant objected, which objection was by the court overruled, and exceptions saved by the defendant). Counsel for the State then stated that the defendant was convicted of involuntary manslaughter and was acquitted of second degree homicide and voluntary manslaughter. (To which remark to the jury defendant at the time objected; objection overruled, and exceptions saved by the defendant)."

· There was no error in the ruling of the court. Under our statutes, after the jury is impaneled and sworn, the prosecuting attorney may read to the jury the indictment, and state the defendant's plea thereto, and the punishment prescribed by law for the offense, and may make a brief statement of the evidence on which the State relies. The object of the statement is to enable the court and jury to more readily understand the issues to be tried and the evidence subsequently adduced. Much discretion as to what may be stated by the prosecuting attorney is given to the trial court. The trial court should always see to it that the prosecuting attorney acts in good faith in making his opening statement. *McFalls* v. *State,* 66 Ark. 16, 48 S. W. 492; *Coates* v. *State,* 101 Ark. 51, 141 S. W. 197; and *Mode* v. *State,* 169 Ark. 356, 275 S. W. 700. The record shows that Stanley was indicted for murder in the first degree and was convicted of involuntary manslaughter. He prosecuted an appeal to the Supreme Court, and the judgment of conviction was reversed. *Stanley* v. *State,* 171 Ark. 536, 285 S. W. 17.

Under these circumstances it was entirely proper for the prosecuting attorney, in his opening statement on the second trial of the case, to have made the remarks

set out above. It was necessary to do so in order to inform the court and jury of the issues to be tried by them. The reversal of the judgment upon the former appeal operated as an acquittal of all degrees of homicide higher than involuntary manslaughter. *Johnson* v. *State,* 29 Ark. 34, 21 Am. Rep. 154; *Ross* v. *State,* 34 Ark. 376; and *Youngblood* v. *State,* 161 Ark. 144, 255 S. W. 572.

No other assignments of error are urged for a reversal of the judgment, and we find no prejudicial error in the record. The judgment will therefore be affirmed.