REDDELL *v.* STATE.

4586          224 S. W. 2d 812

Opinion delivered December 5, 1949.

*J. E. Lightle, Jr.*, for appellant.

*Ike Murry*, Attorney General, and *Arnold Adams*, Assistant Attorney General, for appellee.

LEFLAR, J. Defendant Reddell was convicted of second degree murder and sentenced to serve a term of 21 years in the penitentiary. The evidence indicated that he engaged in a general pool room fight, apparently initiated by him, in which he took on several antagonists concurrently, and that in the course of the fight he seized a cue stick and struck one Ed Williams on the head with it, from which blow Williams died in a few hours.

In the course of cross-examination of the defendant, the State undertook to show that he had previously been in frequent trouble with the law. The following colloquy took place when he was on the witness stand before the jury:

"Q. You were out in Bent, Oregon? A. Yes, sir. Q. In 1946, weren't you? A. Yes, sir. Q. About October, 1946, you were arrested there for assault and battery, weren't you? (Objection by counsel.) The Court: The objection is overruled. (Exception saved.) Q. Is that true? A. That is true. Q. Were you ever in Susanville, California? A. I was. Q. You were arrested for assault with a deadly weapon there, weren't you? (Objection by counsel.) The Court: The objection is overruled. (Exception saved.) Q. On September 17, 1946, were you arrested for assault with a deadly weapon? A. No, sir. Q. Were you arrested anywhere for assault with a deadly weapon? A. Assault to attempt to do great bodily harm. Q. What place in California was that? A. Susanville."

Defendant was not asked whether he was convicted after these arrests, nor whether he had done the acts for which the arrests were made.

It is well settled in Arkansas that the defendant as a witness may not be questioned about mere previous arrests, indictments, or charges filed against him. The mere fact that a charge has been made, as distinguished from the doing of a criminal act or a conviction therefor,[1] tends to prove nothing as to the credibility of the witness. *Johnson* v. *State,* 161 Ark. 111, 255 S. W. 571; *Wray* v. *State,* 167 Ark. 54, 266 S. W. 939; *Jutson and Winters* v. *State,* 213 Ark. 193, 209 S. W. 2d 681. And see 3 Wigmore, Evidence (3d Ed., 1940) § 980a.

The judgment is reversed and the case remanded.

[1] In general, on the scope of cross-examination and the impeachment of witnesses in Arkansas, see (1948) 2 Ark. L. Rev. 212, and (1949) 3 Ark. L. Rev. 40, 48.