## Moon v. State.

### Opinion delivered May 26, 1924.

1. CONTINUANCE—ABSENCE OF WITNESSES.—While it was error to refuse a continuance for the absence of material witnesses residing in the county and unable to attend court on account of sickness upon the ground that their testimony taken at a former trial of the case was available, it was not error to refuse such continuance if their testimony would have been merely cumulative of other evidence introduced in the case, and would not have added anything to the convincing force of the testimony of other witnesses in the case.

2. CONTINUANCES—DISCRETION OF COURT.—The question of granting a continuance rests to a considerable extent in the sound discretion of the trial court, and the exercise of such discretion will not be disturbed unless abused, and it is not generally an

abuse of discretion to refuse a continuance for the purpose of producing additional evidence that is cumulative.

3. CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE.—Where a subpoena for a witness in an adjoining county had been issued but not returned by the sheriff, and defendant made no application for a rule on the sheriff for failure to make return, his lack of diligence justified the court in refusing a postponement to procure the witness' attendance by attachment.

4. SEDUCTION — EVIDENCE — CHARACTER OF FEMALE. — Where the defense introduced testimony attacking the chastity of the prosecutrix in a seduction case, it was not error to permit the State to introduce testimony in rebuttal supporting her reputation for chastity.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. This is an appeal from a judgment of conviction under an indictment against appellant, charging the offense of seduction, alleged to have been committed by obtaining carnal knowledge of an unmarried female by a false express promise of marriage. The case has been here twice on appeal. 155 Ark. 601; 161 Ark. 234.

The young woman in question testified that appellant promised to marry her, and induced her to have sexual intercourse with him by virtue of a false, express promise of marriage. Her testimony was corroborated by that of several witnesses as to both the promise of marriage and the sexual intercourse between the parties. The evidence was sufficient to sustain the verdict.

The principal point urged here now for reversal of the judgment relates to the ruling of the court in refusing to sustain appellant's motion for postponement of the trial on account of the absence of witnesses. On the day the case was called for trial, appellant, through his attorneys, filed a motion to continue the cause until the next term of the court, on account of the absence of two witnesses, Mrs. Dewey Wilkerson and Mrs. Jewel Moon.

He alleged in the motion that the witnesses had been summoned to attend, and that they were residing in the county where the case was pending, but were physically unable to attend court at that term. Certificates of a physician were filed as to the physical condition of the two absent witnesses. It was alleged in the motion that Mrs. Wilkerson would have testified, if present, that, on a certain occasion, she, with other parties, was returning from the village of Mt. Vernon one night about midnight, in a truck, when the truck broke down on the roadside, and that, while they were sitting on the truck, Clytie Dupriest, the prosecuting witness, and a young man named O'Guinn passed in a buggy; that she heard them hollering before they passed the truck, and that, as they passed by in the buggy, Clytie Dupriest held up a laprobe over her face to keep those in the truck from recognizing her. It was also alleged that Mrs. Wilkerson would testify that she had seen certain other boys associating with Clytie Dupriest during the year 1920. It was alleged in the motion that Mrs. Jewel Moon would testify, if present, concerning certain statements of Clytie Dupriest in regard to her relations with appellant and her intentions with respect to compelling him to marry her. It appears from the record that these two witnesses had testified at a former trial, and the court overruled the motion for a continuance on the ground that, the witnesses being unable to attend court at that time, the testimony taken at the former trial was available. We are of the opinion that the ruling of the court in refusing to postpone the case cannot be sustained on that ground. The fact that the witnesses were unable to attend court on account of illness would have afforded grounds for admitting in evidence the testimony of the witnesses taken at a former trial (*Williams* v. *State,* 156 Ark. 205), but, under the constitutional guaranty that the accused in any criminal prosecution shall have the right "to compulsory process for obtaining witnesses" (art. 2, § 10, Declaration of Rights), the privilege of introducing the testimony taken at a former trial is not sufficient

if the witnesses reside within the jurisdiction of the court, and the personal attendance of the witnesses can be procured at a later date. *Graham* v. *State*, 50 Ark. 164. Under the constitutional guaranty an accused has the right to have the personal attendance of the witness if it can be obtained, and the right to use the testimony of the witness taken at a former trial is only available where the attendance cannot be obtained. We think, however, that the ruling of the court was correct on another ground, and that is that the testimony of the witnesses was merely cumulative, and could be, and was in effect, covered by the testimony of other witnesses introduced. Appellant's effort in the trial of the case was not only to show that he had not promised to marry the girl, and that he had not had sexual intercourse with her, but that she associated with other young men, and was guilty of such conduct as to reflect upon her own virtue and chastity. Numerous acts of the girl were brought into the case by testimony tending to show that she was rather loose with young men in the neighborhood, and was guilty of improper conduct. The testimony introduced by the defendant tended to show that she went out with young men at night under circumstances that reflected upon her, that she was seen to put her head in the laps of young men, that she embraced a young man in the schoolroom, and kissed him, that she laid down on the floor with two young men on a certain occasion, and indulged in telling of indecent stories, and that she had on one occasion impliedly indicated to a young man that she would yield to him in sexual intercourse if he would drive her to one of the towns in an adjoining county. The testimony of both Mrs. Wilkerson and Mrs. Moon was cumulative to other testimony that was introduced. There was no other witness that testified to the precise incident which Mrs. Wilkerson would have related concerning the passing of the girl in a buggy with O'Guinn, but Mrs. Wilkerson's narrative about the girl shielding her face with a laprobe was a circumstance of much less force than many other cir-

cumstances testified to by other witnesses, and it is not conceivable that it would have added anything to the convincing force of the testimony of the other witnesses tending to show that the girl was not virtuous. The testimony of Mrs. Moon was merely for the purpose of impeaching the testimony of Clytie Dupriest, and there were other witnesses who testified to the same and other contradictory statements.

The question of granting a continuance rests to a considerable extent in the sound discretion of the trial court, and the exercise of such discretion will not be disturbed by this court unless abused, and it is generally not an abuse of discretion to refuse a continuance for the purpose of producing additional evidence which is cumulative. *Owen* v. *State,* 86 Ark. 317.

There is another assignment of error with reference to the ruling of the court in refusing to order an attachment for another absent witness, Annie Goodloe by name. It appears from the record that a subpoena had been issued for the witness and sent to the sheriff of Faulkner County, but the subpoena had not been returned. One of appellant's attorneys stated to the court, when the case was called for trial, that he had talked with the sheriff, over the telephone, and had been informed by the sheriff that he had summoned the witness named, and would send the subpoena by mail. The court offered to order a rule on the sheriff to require him to return the subpoena, but refused to issue an attachment for the witness and postpone the trial until there could be a return. We think that the court was correct in its ruling, for it was the duty of appellant, through his attorneys, to have the subpoena issued in time to get a return from the sheriff before the case was called. It seems from the record that no request was made for a rule on the sheriff of Faulkner County or for an attachment for the witness until the case was called for trial. If appellant expected to take advantage of the fact that the witness was not present, or that there was no return on the summons, the matter should have been presented to the

court at an earlier date, so as not to necessitate a postponement of the trial. It was the duty of appellant to cause a summons to be sent out in time to get a return on it before the day of trial, and to apply to the court for a rule on the officer to whom the summons had been sent, if not returned within a reasonable time. In other words, there was a lack of diligence which, we think, justified the court in refusing to postpone the trial in order to procure the attendance of the witness by attachment. Nor was it proper to issue an attachment for the witness until there was evidence in the shape of a return on the subpoena showing that the witness had been summoned. This, at least, was a matter in the discretion of the court in determining whether or not there should be an attachment for an absent witness.

It is next contended that the court erred in permitting the State to introduce testimony in rebuttal supporting the reputation of Clytie Dupriest for chastity. The answer to this contention is that appellant introduced testimony attacking the chastity of the girl, and the State was entitled to support her character and reputation by proof in rebuttal.

There are two assignments of error in regard to the court's charge to the jury, but they are not of sufficient importance to discuss, as it is very plain that the court's charge was in conformity with the law.

We find no error in the record, and the judgment is affirmed.