DAVIS *v.* STATE.

Opinion delivered September 26, 1927.

1. CRIMINAL LAW—ARGUMENT AS TO DEFENDANT'S FAILURE TO TESTIFY.
   —The prosecuting attorney's statement in his closing argument that "there is no denial that there is any other testimony" than that of named persons, *held* not a comment on defendant's failure to testify, contrary to Crawford & Moses' Dig., § 3123, but merely an argument that the named witnesses' testimony should be believed because undisputed.

2. INTOXICATING LIQUORS—REGISTRATION OF STILL—BURDEN OF PROOF.
   —The State was not required to prove the allegation that defendants kept and were in possession of an unregistered still, as the burden was on the defendant to prove its registration.

Appeal from Hempstead Circuit Court; *J. H. McCollum,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellants were jointly indicted and tried upon the charge of possessing a still, and at the trial witnesses J. D. and Harold Parker and Braswell, Woodall and Hays gave testimony which fully warranted the jury in finding that the appellants were in possession of the still and were about to. make whiskey with it when they were arrested.

No testimony was introduced in behalf of appellants, and none of them testified. The prosecuting attorney, in his closing argument, stated: ''There is the testimony of Parker, and the testimony of Braswell, and of Woodall, and of Hays, and of Harold Parker, to this state of facts, and there is no denial that there is any other testimony in the case.''

Appellants objected to this argument, and the objection was overruled, and that ruling is assigned as error, as a comment by the prosecuting attorney upon the failure of appellants to testify.

Section 3123, C. & M. Digest, provides that a person charged with a violation of a law shall, at his own request, but not otherwise, be a competent witness, and that his failure to make such a request shall not create any presumption against him, and, in the construction of this statute, we have held that it is improper and presumptively prejudicial for the prosecuting attorney to call the attention of the jury to the failure of the accused to testify.

We think the record now before us is like that of the case of *Markham* v. *State,* 149 Ark. 507, 233 S. W. 676, and unlike that of the case of *Bridgman* v. *State,* 170 Ark. 709, 280 S. W. 982. In the last cited case the prosecuting witness had testified that, when he met the defendant and the defendant's brother, the defendant was drunk. The brother of the defendant testified, and denied that the defendant was drunk, and no other person than the prosecuting witness, the defendant and the defendant's brother were present at the time in question. The prosecuting attorney, in his argument, among other things, stated that defendant's brother had testified that the defendant had not had any liquor that day, but that the defendant did not say so, and we held that the comment that the defendant did not deny having had liquor that day necessarily referred to the fact that the defendant did not testify in the case, and for this reference to that failure we reversed the judgment of conviction.

In the Markham case, *supra,* the earlier cases on the subject were reviewed, and it was held that the statement by the prosecuting attorney that testimony tending to prove the guilt of the accused was undenied and uncontradicted, was not necessarily a violation of the statute hereinbefore referred to. *Davidson* v. *State,* 108 Ark. 191, 158 S. W. 1103 Ann. Cas. 1915B, 436.

We conclude therefore that the argument of the prosecuting attorney set out above does not constitute a comment upon the failure of appellants to testify, but was an argument merely that the testimony of the witnesses, naming them, should be believed, because that testimony was undisputed.

In 16 C. J. 903 it is said:

"It does not follow, however, that every allusion of the prosecuting attorney to accused's failure to testify is error, for, although there may be some reference to the matter, it is not error if the allusion is very remote and evidently not intended to call attention to that fact, as where the comment is on the failure of accused to produce certain evidence or to prove or disprove facts, which he might do by other witnesses, or to account for his whereabouts at the time of the crime." See also 2 R. C. L. chapter on "Arguments of Counsel," § 27.

The indictment alleged that defendants had kept and were in possession of a still without registering the same with the proper United States officer, as is required by law, and appellants requested an instruction to the effect that this was a material allegation which the State was required to prove. We have held, however, that the State was not required to prove this allegation, but that the burden of proving registration was upon the defendant and not upon the State. *Ring* v. *State,* 154 Ark. 250, 242 S. W. 561; *Clark* v. *State,* 155 Ark. 16, 243 S. W. 865; *Rosslot* v. *State,* 162 Ark. 340, 258 S. W. 348.

No other questions are presented in the motion for new trial, and, as no error appears, the judgment of the court below must be affirmed, and it is so ordered.