BRYAN *v.* STATE.

Opinion delivered March 18, 1929.

*W. H. Neal* and *Dave Partain*, for appellant.

*Hal. L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of the crime of receiving three bags of stolen coffee, of the value of $100, knowing the same to have been stolen, and sentenced to one year in the penitentiary.

Several errors are assigned for a reversal of the case. The first is that the court erred in overruling his motion for a continuance on account of the absence from

the jurisdiction of the witness, Marion Smith, who was in the employ of the appellant in his grocery store in Van Buren at and prior to the time the offense was charged to have been committed. The indictment was returned on July 5, 1928, but appellant was not put to trial until November 28, 1928. It was alleged, in the motion for a continuance, that Smith was ill in a hospital in Kansas City, Mo., and had been since about October 1, and the certificate of the physician showed that his condition was such that he would have to remain some months longer. Appellant waited until November 23, five days before the date of trial, at a time when he knew the absent witness was out of the jurisdiction, to have a subpoena issued for him.

We think there is no sufficient showing of diligence to entitle appellant to a continuance. He could have had a subpoena issued and served on the witness long before he left the jurisdiction, and he had ample time, after the witness left the jurisdiction, to have determined whether the witness would be available for the trial, and, if not, to have taken his deposition. It is a well established rule of this court that matters of continuance rest in the sound discretion of the trial court, and that this court will not reverse for the refusal to grant a continuance in the absence of a positive abuse of such discretion. *Thompson* v. *State,* 26 Ark. 323; *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946, and cases there cited. And no abuse of discretion can be relied on where it appears that the party has not used due diligence to procure the attendance of such witness, or to obtain his testimony. Many cases are cited under § 3129, C. & M. Digest, regarding the necessity of diligence in efforts to secure the attendance of witnesses, and many more might be cited subsequent thereto.

Moreover, an examination of the allegations in the motion as to what the absent witness would testify, as compared with the other evidence in the case, shows that his testimony, if present, would have been merely cumu-

lative, and another well-established rule of this court is that it is no abuse of discretion of the trial court to deny a motion for continuance where the testimony of the absent witness is cumulative to the testimony of other witnesses. *Sneed* v. *State,* 47 Ark. 180, 1 S. W. 68; *Maxey* v. *State,* 66 Ark. 523, 52 S. W. 2; *Moon* v. *State,* 164 Ark. 486, 262 S. W. 658; *Adams* v. *State, supra.*

No abuse of discretion having been shown on the part of the trial court, we cannot reverse on this assignment.

Appellant next discusses the insufficiency of the testimony, and the lack of corroboration of the witness, Merritt Knight, who admittedly burglarized the Frisco Railroad's warehouse and stole a quantity of merchandise, including the coffee in question. It is argued that there is no proof to show that appellant knew the coffee was stolen at the time it is claimed the coffee came into his possession. In this connection appellant requested instructions numbered 1, 2 and 3, all to the effect that appellant could not be convicted of the charge of receiving stolen property unless the State had proved to the satisfaction of the jury, beyond a reasonable doubt, that the defendant knew that the said property had been stolen. These instructions were covered by the court in an instruction given on its own motion, as No. 2, to the effect that, before the jury would be justified in convicting the appellant, they must find beyond a reasonable doubt:

"First. That the property was stolen; second, that it belonged to the party alleged in the indictment; third, that this defendant himself received it in his possession; fourth, that, when he received it, he did so with the knowledge that it had been stolen; fifth, that he had the intention at the time he received it to deprive the true owner of his property, and continued the larceny of it. If you have any doubt from the evidence as to the truth of these several elements, acquit him. If, on the other hand, you

believe these things have been proved to your satisfaction beyond a reasonable doubt, you should convict him.''

It is not contended that this is not a correct instruction. It is a correct declaration of the law on this subject, and fully and fairly instructed the jury as to every element of the offense charged, and the appellant cannot complain that the court refused to multiply instructions on the same subject. We have examined the evidence carefully, and find it amply sufficient to take the case to the jury on appellant's guilt or innocence.

It is finally insisted that the court erred in improperly submitting the question of corroboration of the accomplice, Merritt Knight. Section 3181, C. & M. Digest, provides: ''A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof * * * .''

Relative to the sufficiency of the corroborating evidence, in addition to the fact that appellant permitted his delivery boy to take the witness Knight to the place where he had stored the coffee, and haul same to his storehouse on his own truck, and in addition to his own statement that he was suspicious that the coffee was stolen, because Knight was possessed of too much coffee, there are other facts and circumstances in the case tending to corroborate the witness Knight. There were several boxes of underwear stolen at the same time that the coffee was stolen from the railroad warehouse. One witness testified that he had ordered a shipment of this particular brand of underwear from St. Louis, and had been notified, the day before the warehouse was broken into, that the shipment had arrived; that he had the exclusive sale of this particular brand of underwear in Van Buren, and that no one else could buy it. Another witness for the State testified that, in addition to finding the stolen

coffee in appellant's store, they found some underwear of the same brand that had been stolen from the warehouse. Appellant makes no explanation of how the underwear found came into his possession. Other facts and circumstances were developed tending to corroborate the witness Knight, which we do not set out, but suffice it to say that the evidence was sufficient to go to the jury on the question of corroboration. *Powell* v. *State,* 177 Ark. 938, 9 S. W. (2d) 583.

Appellant asked correct declarations of the law in instructions Nos. 4 and 7, relating to the testimony of an accomplice, which we do not set out, as we are of the opinion that the court correctly instructed the jury, and sufficiently covered the requested instructions in instruction No. 5 given on the court's own motion, which is as follows:

"Our statute provides that the jury cannot convict any one charged with a felony on the uncorroborated evidence of an accomplice. By an accomplice is meant any person who had anything to do with the commission of the offense charged, and the evidence of any accomplice uncorroborated will not justify any jury in convicting a defendant, even though they believe it beyond a reasonable doubt.

"You will observe that the corroborating evidence of an accomplice must not only show the facts and circumstances of the case, but also show the defendant's connection with it. The jury must not make the mistake of thinking that the corroborating evidence itself should be sufficient to convince you of his guilt beyond a reasonable doubt. The instruction tells you, first, that the evidence of an accomplice must be corroborated, and second, that all the evidence in the case, taken together, must convince you of his guilt beyond a reasonable doubt, before you can convict him."

While only a general objection is made to this instruction, appellant asked correct instructions on the same subject, which amount to specific objections to the

instruction given. As we have already stated, an analysis of the court's instruction, as above set out, shows that it is in conformity with the statute above quoted. We do not think it is inherently wrong. The last sentence in the second paragraph is somewhat argumentative, but not sufficiently so to condemn the instruction as a whole. It would perhaps have been better for the court to have instructed the jury substantially in the language of the statute, as asked in appellant's requested instruction No. 4. Nor do we think the use of the word "case" in the second paragraph was misleading to the jury and subject to the criticism made by appellant. We think the jury necessarily understood that the court.meant the facts and circumstances connected with the offense charged when it used that word.

We find no error, and the judgment is affirmed.