BETHEL AND WALLACE *v.* STATE.

Opinion delivered November 4, 1929.

*O. H. Hurst, W. A. Jackson* and *E. E. Alexander,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellants were indicted on a charge of rape. On a former trial they were convicted, and sentenced to death by electrocution. An appeal to this court resulted in a reversal for a new trial. The facts are stated in the opinion on the former appeal, *Bethel and Wallace v. State,* 178 Ark. 277, 10 S. W. (2d) 370, and we will not repeat them here, as they are substantially the same, and no question of fact is involved in this appeal. The trial in this case resulted in a verdict of guilty of assault with intent to rape, with a sentence of 18 years in the penitentiary.

Appellants urge two assignments of error, numbers 6 and 7, in the motion for a new trial, as grounds for a reversal. First, that ''the court erred in refusing to rebuke the deputy prosecuting attorney, after his abuse of the defendants in his opening statement in the presence of the jury, after the court told the jury that the prosecuting attorney had no right to make such statements and that they were improper.'' Second, ''that the court erred in refusing to rebuke the prosecuting attorney for his abuse of the defendants during his closing remarks, which remarks were: 'That the defendants were fortunate in that one of the prosecuting witnesses for the State had circulated a petition prior to the former trial of this cause, and, had it not been for the fact of the circulation of the petition and the fact that the court was then in session and that they were given an immediate trial, they would not have been brought to the bar of justice for a trial.' To which statement the court sustained an objection, and told the jury that the remark was improper, but refused to rebuke the prosecuting attorney after having been requested to do so by the defendants.''

Relative to the first ground of error specified, it would be a sufficient answer to say that it is too general to point out to the trial court the particular language constituting the abuse complained of, and too general to present a question for review by this court. Neither in the assignment nor in the brief have counsel set out the language objected to which would call for a rebuke from the court. An examination of the record and the assignment discloses the fact that the court sustained counsel's objections to certain remarks of the deputy prosecuting attorney in his opening statement, and instructed the jury not to consider them because they were improper. Nor does the record disclose any request from counsel that the State's attorney be rebuked. On objections being made, they were promptly sustained, and, in the absence of a request for a reprimand, no error has been committed. *Skaggs* v. *State,* 88 Ark. 72, 113 S. W. 346, 16 Ann. Cas.

622. It is well settled that trial courts have a wide discretion in the supervision of trials before them, including matters pertaining to opening statements, and this court will not reverse unless a manifest abuse of discretion is shown. *Nelson* v. *State,* 139 Ark. 15, 212 S. W. 93; *Stanley* v. *State,* 174 Ark. 743, 297 S. W. 826; *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946; *Bowlin* v. *State,* 175 Ark. 1115, 1 S. W. (2d) 553. We conclude therefore that there is no merit in this assignment.

Relative to the second ground of error specified, most of what has heretofore been said in disposing of the first error relied on applies with equal force here. Moreover, it appears that the facts regarding the circulation of the petition referred to were brought out by appellants, and were commented on in argument by their counsel. Hence if error was committed it was invited. Furthermore, the statement set out in this assignment does not appear in the bill of exceptions, but only in the motion for a new trial. In *Adkisson* v. *State,* 142 Ark. 19, 218 S. W. 165, in overruling a similar contention, we said: ''Objection is made to certain statements of the prosecuting attorney in the course of his argument before the jury; but there appears to be nothing in the bill of exceptions showing what these statements were, the only reference thereto being found in the motion for a new trial. These objections are not therefore properly before us for review. *Cravens* v. *State,* 95 Ark. 321, 128 S. W. 1037.'' The conclusion necessarily follows that this assignment cannot be sustained.

Having examined all the errors relied on for a reversal of the case, and having found that they are untenable, the case must be affirmed. It is so ordered.