EDENS *v.* STATE.

5053                                   363 S. W. 2d 923

Opinon delivered January 14, 1963.

[Rehearing denied February 11, 1963.]

*Marcus Feitz, Gus R. Camp* and *Guy Brinkley,* By: *Gus R. Camp;* for appellant.

*Frank Holt, Atty. General,* by, *Jack Holt, Jr., Asst. Atty. General;* for appellee.

GEORGE ROSE SMITH, J. The appellant was convicted of having embezzled ten thousand dollars that had been entrusted to him as an agent. Ark. Stats. 1947, § 41-3927. The jury left the matter of punishment to the trial judge, who sentenced the defendant to imprisonment for eighteen years, with six years of the sentence being suspended. The motion for a new trial contains 35 assignments of error, most of which are argued in the appellant's brief. We shall discuss only the more important points.

I. The evidence is sufficient to support the conviction. Dr. T. B. Harper, the prosecuting witness, testified that he and the accused sought to purchase certain land in Greene county as a partnership venture. Dr. Harper deposited $10,000 with Edens, who did not have permis-

sion to use the money for any purpose except that of purchasing the property. The land, however, was sold by its owner to some third person. When Dr. Harper requested the return of his deposit he discovered that Edens did not have the money and was unable to make restitution. This testimony is sufficient to support the jury's conclusion that Edens unlawfully converted to his own use funds that had been entrusted to him as an agent, as charged in the information.

II. Before the trial the accused filed a motion for a bill of particulars, asking for such matters as copies of any instruments to be used in evidence by the State, any statements taken by the State from its witnesses, and other similar information that we need not detail. The court directed the State to furnish the accused with a copy of Dr. Harper's check for the $10,000 deposit, but in other respects the motion was denied.

Although denominated a motion for a bill of particulars the motion was actually a request for discovery. Our discovery statute does not apply to criminal cases. *Bailey* v. *State,* 227 Ark. 889, 302 S. W. 2d 796. The true function of a bill of particulars is to require the State to set forth the criminal act in detail and with sufficient certainty to apprise the defendant of the crime and enable him to prepare his defense. Ark. Stats., § 43-804. The information filed against Edens was quite definite in specifying the offense being charged. Hence the so-called motion for a bill of particulars was properly denied, for the accused was already aware of the exact offense for which he was to be tried.

III. On the day of trial the accused asked for a continuance on the ground that a certain file containing information about the transaction with Dr. Harper had been subpoenaed by a federal agency and had not been returned to Edens. At the hearing upon this motion it developed that the file had been in the federal agency's possession for six months or more and that Edens had made practically no effort to retrieve it. In the circumstances the trial court did not abuse its discretion in denying the motion for want of diligence. *Bryan* v.

*State,* 179 Ark. 216, 15 S. W. 2d 312. Furthermore, Edens' testimony in support of the motion was not sufficiently definite to prove that the file contained any specific documents tending to exonerate him.

IV. After the trial had begun, and while the State's first witness was being questioned, defense counsel moved for a mistrial on the ground that the prospective jurors had not been sworn to give truthful answers to questions asked upon the *voir dire* examination. Ark. Stats., § 39-226. It affirmatively appears that counsel were aware of this omission while the jury was being selected, but they made no objection until after the trial had begun. The judgment recites that defense counsel announced in open court that all members of the jury "were good for the defendant." In the circumstances the objection was waived. See *Bowlin* v. *State,* 175 Ark. 1115, 1 S. W. 2d 553.

V. Dr. Harper testified that he and Edens had intended to pay $55,000 for the land in question, with each to contribute equally. Dr. Harper was allowed to testify that in addition to the payment of $10,000 that was set forth in the information against Edens he also paid to the accused an additional $17,500 (the rest of his half of the purchase price) and that he had not gotten back any of his money. The defendant's objection to the latter testimony was correctly overruled. The two payments were made only a few days apart and were elements of the same transaction, especially as it appears that Dr. Harper later asked for the return of *all his money.* Hence the State was entitled to prove both payments in order to show the whole transaction. *Autrey* v. *State,* 113 Ark. 347, 168 S. W. 556. Since the testimony was admissible for one purpose it was incumbent upon the defense to ask the court for an admonition limiting the effect of the proof. *Amos* v. *State,* 209 Ark. 55, 189 S. W. 2d 611. No such request was made.

VI. Dr. Harper was evidently somewhat reluctant to give evidence against Edens. We think the court was right in refusing to permit defense counsel to bring out the fact that Dr. Harper did not ask that Edens be prose-

cuted, did not wish to see him go to the penitentiary, and the like. Such an attitude on the part of the prosecuting witness has no bearing upon the guilt or innocence of the accused and, on the issue of credibility, does not tend to show that he is prejudiced *against* the defendant. Thus the testimony would have served no legitimate purpose and apparently was offered only as a basis for an argument that Edens was being persecuted by the prosecuting attorney.

VII. Objection is made to the court's action in including in its original instructions to the jury a statement that if the jury found the defendant guilty but were unable to agree upon the punishment they might leave that matter to the court. The giving of such an instruction is not reversible error. *Downs* v. *State*, 231 Ark. 466, 330 S. W. 2d 281. In *Underwood* v. *State*, 205 Ark. 864, 171 S. W. 2d 304, we observed that where it appears that such an instruction "is or may become necessary or proper," it is the better practice for the court to give it before the jury first retires to consider its verdict. Even so, we did not intend to state that the instruction should routinely be given in every case, and if the *Underwood* case has been so interpreted we take this opportunity to point out that ordinarily there is no occasion for the jury to be supplied with this information.

VIII. In the course of his closing argument the prosecuting attorney stated that the State's evidence was undenied by anyone (the defendant having offered no proof whatever). This argument did not amount to a comment upon Edens' failure to testify; for it was properly a contention that the testimony should be believed, because it was uncontradicted. *Davis* v. *State*, 174 Ark. 891, 298 S. W. 359.

We have considered the other assignments of error but do not find them to necessitate discussion.

Affirmed.

WARD, J., not participating.

HOLT, J., disqualified.