CHARLES WILLIAM PETTY v. STATE OF ARKANSAS

5374                                    434 S.W. 2d 602

Opinion Delivered December 9, 1968

*Tiner & Henry* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

J. FRED JONES, Justice.    The appellant, Charles Petty, was tried before a jury and convicted of the crimes of burglary and grand larceny in the Poinsett County Circuit Court.    He was sentenced to the state penitentiary for terms of fifteen years on each charge, the terms to run consecutively with minimum time to

be served fixed by the court at ten years. Upon appeal to this court the appellant relies on the following three points for reversal:

"That the court erred in refusing to declare a mistrial when the prosecuting attorney in his opening statement remarked that the appellant had not been brought to trial at an earlier date because he had been in custody in another state.

That the court erred in giving instruction thirteen (13) since the instruction as given violates article 7 section 23 of the Arkansas Constitution.

That the court erred in fixing the minimum time to be served by appellant in the department of corrections at ten years."

As to appellant's first point, the remarks to which he objects are contained in an exchange between the attorneys and the court as follows:

"DEFENDANT'S ATTORNEY: At this time the Prosecuting Attorney in his opening statement just told the jury the reason this case didn't come on for trial is that the defendant was in custody in another State. At this time we move the Court to declare a mistrial in this case for the reason that he has mentioned the fact that the defendant was in custody in another State implying that he had committed another offense and we are asking the Court to declare a mistrial at this time.

PROSECUTING ATTORNEY: If the Court please, the State in the opening statement in making that remark was merely repeating or reiterating the statement that was made by defense counsel to the jury on voir dire examination as an explanation as to why the delay or the difference between the 1964 offense and now. It could not be prejudicial because the defense had already made

this information available to the jury. Certainly I would not have done so if it had not been pointed out to the jury on voir dire.

\* \* \*

THE COURT:

In view of the fact that Counsel for the defense in qualifying the jury brought out the fact that he had been previously convicted and you qualified the jury on that point, you opened the door for the Prosecuting Attorney to also make reference thereto, your motion will be denied and your exceptions noted.''

We find no error in the trial court's denial of appellant's motion. This point was decided contrary to appellant's contention in *Bethel and Wallace* v. *State,* 180 Ark. 290, 21 S.W. 2d 176, where this court said:

''It is well settled that trial courts have a wide discretion in the supervision of trials before them, including matters pertaining to opening statements, and this court will not reverse unless a manifest abuse of discretion is shown. *Nelson* v. *State,* 139 Ark. 15, 212 S.W. 93; *Stanley* v. *State,* 174 Ark. 743, 297 S.W. 826; *Adams* v. *State,* 176 Ark. 916, 5 S.W. 2d 946; *Bowlin* v. *State,* 175 Ark. 1115, 1 S.W. 2d 553.''

We find no abuse of discretion in this case.

As to his second point appellant objects to the trial court's action in submitting to the jury the following instruction:

''The possession of property recently stolen without reasonable explanation of the possession is evidence which goes to you for your consideration under all the circumstances of the case to be weighed as tending to show the guilt of one in whose hands

such property is found. But such evidence alone does not impose upon you the duty of convicting even though it be not rebutted.''

Appellant specifically objects to this instruction on the basis that the instruction singles out and calls the jury's attention to particular evidence; that it is an instruction on the weight of the evidence, and therefore an invasion on the province of the jury. This court has also held contrary to appellant's contention on this point.

In *McDonald* v. *State,* 165 Ark. 411, 264 S.W. 961, the appellant sought reversal of his conviction for the crime of stealing cattle. One of his assignments of error was that the court erred in giving the very same instruction as the one objected to in the case at bar. McDonald insisted in that case that the instruction was improper as being an instruction on the weight of the evidence, and in approving the instruction, this court said:

''This court has held that similar language in an instruction means no more than telling the jury that such evidence may be considered for the purpose of determining the guilt or innocence of the defendant. *Hogue* v. *State,* 93 Ark. 316.

The next objection to the instruction is that it is upon the weight of the evidence because it instructs the jury that the possession of property recently stolen, without explanation of the possession, makes it the imperative duty of the jury to convict, and thus becomes a charge upon the weight of the evidence. We do not think so. A fair interpretation of the instruction would warrant the jury in convicting the defendant, but does not tell it as a matter of law that it must convict if it should find that the stolen cattle had been recently found in the possession of the defendant, without explanation on his part. In fact, the instruction tells the jury that the finding of such fact does not make it the

imperative duty of the jury to find the defendant guilty. The court has no right to tell the jury what effect it should give the evidence, and it did not do so in this case.

On the other hand, instead of pointing out what inferences the jury should draw from particular facts or circumstances, it left the whole matter of the guilt or innocence of the defendant to the jury, and left the jury free to draw whatever inference it should see fit from the fact that it might find that the stolen cattle were found in the possession of the defendant soon after the larceny was committed, without explanation on his part. *Spivey* v. *State,* 133 Ark. 314, and *Pearrow* v. *State,* 146 Ark. 182.''

See also *Johnson* v. *State,* 190 Ark. 979, 82 S.W. 2d 521.

Appellant's third point is without merit. No objection was made to the entry of the judgment or the penitentiary commitment thereon nor was this point presented to the trial court in a motion for a new trial. The rule is well settled that ''no issue can be raised in this court which was not raised in the trial court . . .'' *Gulley* v. *Budd,* 209 Ark. 23, 189 S.W. 2d 385.

Affirmed.

FOGLEMAN, J., disqualified and not participating.