LESLIE DAVID HILL *v.* STATE OF ARKANSAS

5696                                    479 S.W. 2d 234

Opinion delivered April 17, 1972
[Rehearing Denied May 22, 1972]

*W. B. Howard* and *Jack Segars,* for appellant.

*Ray Thornton,* Atty. Gen., by *John D. Bridgeforth,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Upon a retrial, following our reversal in *Hill* v. *State,* 249 Ark. 42, 458 S.W. 2d 45 (1970), the appellant was convicted by a jury of first degree murder and the penalty assessed at life imprisonment in the state penitentiary. For reversal of that judgment the sole issue on this appeal is appellant's contention that the court erred in giving the following instruction to the jury over his specific objections and exceptions.

"Certain probate court records, orders and other documents have been introduced into evidence in this

case. When insanity is relied on as a defense, an adjudication declaring the defendant to be an incompetent or insane person may go to the jury as evidence on that issue. Such adjudication is not conclusive of the insanity of the defendant, but may be considered by you along with all the other evidence bearing on the question of the defendant's sanity or insanity."

Apellant asserts that in this instruction the court erroneously commented upon the conclusive effect or weight to be attached to appellant's previous adjudication as an incompetent (this adjudication has existed since a 1947 probate court proceeding). Appellant cites to us Article 7, § 23 of the Constitution of Arkansas of 1874 which provides: "Judges shall not charge juries with regard to matters of fact, but shall declare the law, ***."

The appellee-state, however, contends that it is a proper instruction, citing *Poole* v. *State,* 212 Ark. 746, 207 S.W. 2d 725 (1948) upon which the instruction was based. There we held that a previous adjudication of insanity was admissible in evidence, although not conclusive on that disputed issue. Obviously, in the case at bar, the trial court was giving the jury a guideline as to the law as enunciated in *Poole* v. *State, supra.* In doing so, the trial court did not take from the jury its right to consider the previous adjudication in determining the disputed factual issue of insanity; in fact, the trial court told the jury that the previous adjudication could be considered "along with all the other evidence bearing on the question of the appellant's sanity or insanity." As we construe this instruction, the court merely told the jury that, as a matter of law, the existing adjudication of insanity was not conclusive or binding upon the jury on that issue. *Cf. Petty* v. *State,* 245 Ark. 808, 434 S.W. 2d 602 (1968); *McDonald* v. *State,* 165 Ark. 411, 264 S.W. 961 (1924); *Hogue* v. *State,* 93 Ark. 316, 130 S.W. 167 (1910).

In the case at bar the jury was not told that it could not give conclusive effect to the prior adjudication of appellant's incompetency when considered with other evidence bearing on the issue of sanity. In fact, the negative wording of this instruction as to the conclusive effect of

the sanity adjudication comports substantially with our Arkansas Model Jury Instructions (Civil) 601 and 903. Those instructions, in part, are negatively worded; each provides that a violation of a statute or ordinance, "although *not* necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case." (emphasis added)

Furthermore, by Instruction 18, the court told the jury that: "In the course of this trial the Court has made rulings in the conduct of the trial and on the admission of evidence. In so doing the Court has not expressed or intimated in any way the weight or credit to be given to evidence or testimony admitted during the trial, nor has the Court indicated in any way the conclusions to be returned by you in this case." Also, the court told the jury, in the next instruction, that it should consider "these instructions as a whole and not any part to the exclusion of the others."

Although, in the case at bar, the obvious guideline intended by the instruction in its negative terms, as to the conclusive effect of a previous adjudication of incompetency, could be achieved by less objectionable language, we cannot say that the instruction constituted prejudicial or reversible error.

Affirmed.

FOGLEMAN, J., not participating.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. Article 7 § 23 of our Constitution provides:

"Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party."

In the case before us the trial court instructed the jury:

"... When insanity is relied on as a defense, an adjudication declaring the defendant to be incompetent or insane person may go to the jury as evidence on that issue. Such adjudication is not conclusive of the insanity of the defendant, but may be considered by you along with all the other evidence... ."

In *Field* v. *Koonce,* 178 Ark. 862, 12 S.W. 2d 772 (1929), and *Poole* v. *State,* 212 Ark. 746, 207 S.W. 2d 725 (1948), it was pointed out that when one is adjudged incompetent there is a rebuttable presumption of the continuance of that condition. In *Poole* v. *State,* we said:

"In criminal cases the record of inquisitions of lunacy or insanity is competent to go to the jury as evidence on that issue, *but the weight of such evidence is for the jury.*" (Emphasis mine).

Here the trial court did not leave to the jury the weight to be applied to Hill's adjudications of incompetency but instead told them that such adjudication was not conclusive. Under decisions such as *Field* v. *Koonce, supra,* and *Poole* v. *State, supra,* the jury could have found that the adjudication was conclusive of the issue. The trial court's charge that such an adjudication was not conclusive was nothing more nor less than a comment on an issue of fact contrary to Art. 7 § 23 of the Constitution of Arkansas.

For the reasons stated, I respectfully dissent.