Leslie David HILL, Appellant,

v.

A. L. LOCKHART, Superintendent, Cummins Unit of the Arkansas Department of Correction, Appellee.

No. 74–1649.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1975.

Decided June 3, 1975.

Eugene Hunt, Pine Bluff, Ark., for appellant.

Jack Lassiter, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before JOHNSEN, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant, Leslie David Hill, appeals the denial of his application for writ of habeas corpus by the district court.[1] We affirm.

The sole issue presented on this appeal is whether or not the Arkansas jury instruction requiring appellant to prove by the preponderance of the evidence his defense of insanity at the time of the alleged commission of the offense charged violated his constitutional right of due process of law.

Upon a retrial following the Arkansas Supreme Court's reversal in Hill v. State, 249 Ark. 42, 458 S.W.2d 45 (1970), appellant was again convicted by a jury of the first degree murder of Willie Young. This second conviction[2] was affirmed. Hill v. State, 252 Ark. 345, 479 S.W.2d 234 (1972). Appellant is now serving a life sentence in the Arkansas state penitentiary. He filed a pro se petition for writ of habeas corpus, counsel was appointed, and an amended petition with supporting brief was subsequently filed. After an evidentiary hearing, the writ was denied, and this appeal followed.

In pertinent part the challenged jury instruction reads:

The law presumes that every man is sane and that he intends the natural consequences of his act. Therefore, where one is charged with murder in the first degree, and it is admitted that if sane he is guilty as charged, and the plea of insanity is interposed as his defense, in such cases the burden is upon the accused to establish his insanity by a preponderance of the evidence.

The defense of insanity cannot avail in this case unless it appears from a preponderance of the evidence, first, that at the time of the killing the defendant was under such a defect of reason from disease of the mind as not to know the nature and quality of the act he was doing; or, second, if he did know it, that he did not know that he was doing what was wrong; or third, if he knew the nature and quality of the act, and knew that it was wrong, that he was under such duress of mental disease as to be incapable of choosing between right and wrong as to the act done, and unable, because of the disease, to resist the doing of the wrong act which was the result solely of his mental disease.

The above instruction conforms with Arkansas law. Hill v. State, 249 Ark. 42, 458 S.W.2d 45 (1970); Bell v. State, 120 Ark. 530, 180 S.W. 186 (1915); Bumgarner v. Lockhart, 361 F.Supp. 829, 834 (E.D.Ark.1973).

Appellant contends that the above instruction violated his Fourteenth Amendment rights of due process of law. He relies on Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), which held, in effect, that the prosecution must prove every element of the crime of murder, including mental capacity, beyond a reasonable doubt.

The *Davis* prosecution, however, was for a federal crime in a federal court. Its holding was limited by Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1951), wherein, in reference to *Davis*, the Court stated:

The decision obviously establishes no constitutional doctrine, but only the rule to be followed in federal courts.

343 U.S. at 797, 72 S.Ct. at 1007.

In *Leland, supra*, the appellant similarly relied upon the defense of insanity

---

1. The Honorable Oren Harris, United States District Judge, Eastern District of Arkansas.

2. In fact, appellant was tried and convicted three times for this murder. The first conviction of November 24, 1968 was set aside and new trial granted on motion filed with the trial court; the second was reversed by the Arkansas Supreme Court; and the third, affirmed.

but was nevertheless convicted of first degree murder. The conviction was affirmed by the Oregon Supreme Court. The conviction was likewise affirmed by the United States Supreme Court. The Court held that the Oregon statute and jury instruction, which required appellant to prove his insanity beyond a reasonable doubt, did not deprive him of life and liberty without due process of law in violation of the Fourteenth Amendment. The Supreme Court stated:

> In Davis v. United States, *supra*, we adopted a rule of procedure for the federal courts which is contrary to that of Oregon. But "[i]ts procedure does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar. * * * "

343 U.S. at 798–99, 72 S.Ct. at 1007.

It should be noted that even if Arkansas would have imposed the heavier burden of proof of insanity on appellant Hill, as the Oregon court did on Leland, the United States Supreme Court has not reversed its decision in *Leland, supra*. In addition, we agree with the decision reached in Phillips v. Hocker, 473 F.2d 395, 397–98 (9th Cir. 1973), cert. denied, 411 U.S. 939, 93 S.Ct. 1916, 36 L.Ed.2d 401 (1973), that despite In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the *Leland* rule remains viable. *See also* United States v. Greene, 160 U.S.App.D.C. 21, 489 F.2d 1145, 1154–55 (1973).

Although not argued by appellant, the effect of *Winship, supra*, on *Leland, supra*, should be briefly discussed. In *Winship, supra*, 397 U.S. at 364, 90 S.Ct. at 1073, the Supreme Court specifically stated "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." However, the question of whether or not appellant was insane as of the time of the murder is an affirmative defense in Arkansas. Bumgarner v. Lockhart, *supra*, 361 F.Supp. at 834.[3]

In United States v. Greene, *supra*, 489 F.2d at 1154–56, the court notes the difference between insanity as an affirmative defense, the burden of which may be placed on the defendant, and the essential elements of the charge, the burden of which must be on the prosecution. In Phillips v. State, 86 Nev. 720, 475 P.2d 671 (Nev.1970), cert. denied, 403 U.S. 940, 91 S.Ct. 2260, 29 L.Ed.2d 719 (1971), the Supreme Court of Nevada likewise rejected the argument that *In Re Winship* changes the concept that insanity is an affirmative proposition which the defendant must establish by a preponderance of the proof. *Compare* United States v. Braver, 450 F.2d 799, 803 (2d Cir. 1971) (where the court held that placing the burden of proving inducement on the defendant under an entrapment defense does not constitute a denial of due process under *Winship*).

We also note that because of the difference in the nature of the insanity defense as compared to that of an alibi defense, the rationale of Stump v. Bennett, 398 F.2d 111 (8th Cir. 1968), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968), does not apply here.

■■ Therefore, so long as the trial court charged the jury that it was the state's burden to prove beyond a reasonable doubt every element necessary to constitute the crime of first degree murder, there would be no constitutional violation of due process of law even though the appellant was required to maintain the burden on the issue of his insanity defense. After reviewing the instructions as a whole, we are satisfied that the appellant has not had his constitutional rights violated.

Affirmed.

---

3. The states appear to be almost equally divided on the questions of where the burden of proof lies and on the quantum of proof required on the issue of insanity or mental competency alleged to exist at the time of the commission of the offense. *See Annot.* 17 A.L.R.3d 146–221.