**Jackie STANLEY, III, Appellant,**

v.

**James MABRY, Commissioner, Arkansas Department of Correction, Appellee.**

No. 78–1589.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1979.

Decided April 18, 1979.

Rehearing and Rehearing En Banc Denied May 8, 1979.

John B. Peace of Davidson, Plastiras, Horne, Hollingsworth & Arnold, Little Rock, Ark., for appellant.

Ray Hartenstein, Asst. Atty. Gen., Little Rock, Ark., for appellee; Bill Clinton (former Atty. Gen.), and James E. Smedley (former Asst. Atty. Gen.), Little Rock, Ark., on brief.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The sole issue in this state habeas corpus action is whether the State of Arkansas unconstitutionally imposed upon petitioner Jackie Stanley, III, the burden of proving by a preponderance of the evidence his defense of insanity to a first degree murder charge.[1] The federal district court denied relief. We affirm. The petitioner contends that the element of malice aforethought in a first degree murder charge[2] is so inextricably intertwined with the presumption of sanity that to require a defendant to prove his insanity by a preponderance of the evidence in effect requires a defendant to disprove an essential element of the offense, a requirement prohibited by the due process clause. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

In *Hill v. Lockhart*, 516 F.2d 910 (8th Cir. 1975), we rejected a similar claim on the authority of *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1951). There the Supreme Court ruled that a state statute and jury instruction requiring a defendant to prove his insanity beyond a reasonable doubt did not violate due process. Notwithstanding the principles set forth in *In re Winship, supra*, and *Mullaney v. Wilbur, supra*, we believe "the *Leland* rule remains viable." *Hill v. Lockhart*, 516 F.2d at 912. *See Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Rivera v. Delaware*, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1977). In the present case the jury was instructed that the state had the burden to prove beyond a reasonable doubt every element of the crime necessary to constitute the crime of first degree murder. Under the circumstances we find no constitutional violation occurred by placing the burden of proof on petitioner to prove his insanity by a preponderance of the evidence. *Hill v. Lockhart, supra*.

The judgment is affirmed.

---

1. Petitioner's conviction for first degree murder was affirmed by the Arkansas Supreme Court. *Stanley v. State*, 248 Ark. 787, 454 S.W.2d 72 (1970).

2. The definition of murder in effect at the time of petitioner's state trial included the element of malice aforethought. Ark.Stat.Ann. § 41–2201 (Repealed 1976).