Mark Edward THOMPSON, Petitioner,

v.

Gary DIXON, Warden, Central Prison, Respondent.

No. 91–790–HC–BO.

United States District Court,
E.D. North Carolina,
Raleigh Division.

June 30, 1992.

See also 328 N.C. 477, 402 S.E.2d 386.

Richard B. Glazier, Beaver, Thompson, Holt & Richardson, Fayetteville, N.C., for petitioner.

Clarence J. DelForge, Associate Atty. Gen., Raleigh, N.C., for respondent.

ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Petitioner, a state inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion for summary judg-

ment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## Background of the Case

Petitioner Mark Edward Thompson was convicted on October 26, 1989, in North Carolina state court of two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of first-degree burglary. Petitioner had unsuccessfully contended that he was not guilty by reason of insanity, which under North Carolina law is an affirmative defense which must be proven by the defendant to the jury's "satisfaction."[1] He was sentenced to three consecutive life terms of imprisonment plus two 40–year terms which were combined to run subsequent to the expiration of the life sentences.

Thereafter, petitioner appealed all judgments to the North Carolina Supreme Court. The North Carolina Supreme Court found no error in petitioner's trial. *State v. Thompson,* 328 N.C. 477, 402 S.E.2d 386 (1991).

Petitioner filed this habeas petition on November 25, 1991. His sole claim is that the state trial court violated his due process rights under the Fourteenth Amendment when it instructed the jury that the defendant was presumed to be sane unless the defendant proved otherwise.[2] Petitioner argues that the presumption-of-sanity instruction "relieve[d] the State of having to prove specific intent to kill," an essential element of first-degree murder, because "[i]f a person is presumed of sound mind, he obviously is considered to intend the consequences of his acts [sic]."

1. *See State v. Potter,* 285 N.C. 238, 204 S.E.2d 649 (1974).

2. Specifically, the trial court instructed the jury that "sanity or soundness of mind is the natural and normal condition of people; therefore, everyone is presumed sane until the contrary is made to appear." The trial court then went on to explain the elements of the insanity defense and defendant's burden of proof. The trial court's charge closely followed the North Car-

## Conclusions of Law

As a threshold matter, the court finds that since the North Carolina Supreme Court explicitly considered and rejected petitioner's claim on his direct appeal, petitioner has exhausted his state remedies and this matter is properly before the court. *See Ylst v. Nunnemaker,* —— U.S. ——, 111 S.Ct. 2590, 2593 n. 1, 115 L.Ed.2d 706 (1991).

Turning to the merits of the petition, the court finds that the presumption-of-sanity instruction did not in any way relieve the State of its burden of proving intent.

It is well-established that the prosecution may rely on a presumption of sanity in proving its case-in-chief, and that the State may make insanity an affirmative defense to be proven by the defendant. *Cooper v. State of North Carolina,* 702 F.2d 481, 484 (4th Cir.1983) (citing *Patterson v. New York,* 432 U.S. 197, 205, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977) and *Mullaney v. Wilbur,* 421 U.S. 684, 702 n. 31, 95 S.Ct. 1881, 1891 n. 31, 44 L.Ed.2d 508 (1975)).[3]

Furthermore, under North Carolina law, the question of whether the defendant is insane is a completely separate issue from proof of the elements of a crime. *State v. Marley,* 321 N.C. 415, 364 S.E.2d 133 (1988). In the present case, the trial judge explicitly instructed the jury that it could not consider the issue of insanity unless it first found beyond a reasonable doubt the existence of each element of the five crimes for which the defendant had been charged. While petitioner is correct in arguing that due process prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of proving every essential element of a crime beyond a reasonable doubt,[4] the court finds that there

olina Pattern Jury Instructions regarding the insanity defense. *See* N.C.P.I.—Crim. 304.10.

3. Obviously, if the State could not presume sanity, it would have to prove sanity in every case, and there would be no burden of proof of insanity on the defendant.

4. *See Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

was nothing in the trial judge's instructions here, considered as a whole, which would have led a reasonable juror to understand the instructions to mean that the State was relieved of its burden to prove all of the essential elements of each of the five crimes charged.[5]

Accordingly, respondent's motion for summary judgment is GRANTED. Petitioner's application for a writ of habeas corpus is hereby DENIED.

SO ORDERED.

---

**5.** *See, e.g., Stanley v. Mabry,* 596 F.2d 332 (8th Cir.1979) (where jury was instructed that the State had the burden of proving beyond a reasonable doubt every element of first-degree murder, no constitutional violation occurred by placing the burden of proof on defendant to prove insanity, despite contention that element of malice aforethought in murder was so inextricably intertwined with presumption of sanity that to require defendant to prove his insanity required him to disprove an essential element of the offense charged).